UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HECTOR EMILIO FERNANDEZ-ROSA, <br><br> Movant, <br><br> -v- <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 23-cv-544 (RJS) |
| UNITED STATES OF AMERICA <br><br> -v- <br><br> HECTOR EMILIO FERNANDEZ-ROSA, <br><br> Defendant. | No. 12-cr-894-2 (RJS) <br><br><br> ORDER |

RICHARD J. SULLIAN, Circuit Judge:

Hector Emilio Fernandez-Rosa, currently incarcerated and proceeding pro se, moves the Court under 28 U.S.C. § 2255 to vacate or set aside his 2019 conviction and sentence for conspiracy to distribute and possess cocaine, in violation of 21 U.S.C. § 846. (Dkt. No. 23-cv-511, Doc. No. 1; Dkt. No. 12-cr-894, Doc. No. 93.) In connection with this section-2255 motion, Fernandez-Rosa also moves the Court for an evidentiary hearing and for the appointment of counsel. (Dkt. No. 12-cr-894, Doc. Nos. 91, 92.)

A review of the docket sheet in this matter suggests that Fernandez-Rosa's motion to vacate or set aside his sentence may be time-barred. A federal prisoner seeking relief under section 2255 must generally file a motion within one year from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion

is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

On June 3, 2021, the Second Circuit affirmed Fernandez-Rosa's conviction. *See United States v. Fernandez-Rosa*, 849 F. App'x 15, 16 (2d Cir. 2021). For purposes of section 2255's statute of limitations, his conviction therefore became final on September 1, 2021 – upon the expiration of the ninety-day period in which Fernandez-Rosa could have sought a writ of certiorari in the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522 (2003); *see also* S. Ct. R. 13(1) (establishing 90-day period for filing petition for a writ of certiorari). Fernandez-Rosa therefore had one year from that date – that is, until September 1, 2022 – to file a timely section-2255 motion. Fernandez-Rosa placed his motion into the prison mail system on October 30, 2022,[1] approximately one month and twenty-nine days after the expiration of the one-year deadline.

Accordingly, IT IS HEREBY ORDERED THAT Fernandez-Rosa shall file a declaration by March 30, 2023 showing cause why his motion under 28 U.S.C. § 2255 should not be denied as time-barred. For Fernandez-Rosa's convenience, a declaration form is attached to this order. If Fernandez-Rosa files a declaration within the time allowed, the Court will review it, and if proper, will order that the motion be served on the government. If Fernandez-Rosa fails to comply with this Order, his motion under 28 U.S.C. § 2255 will be denied as time-barred. No answer will be required from the government at this time.

---

[1] Under the "prison mailbox rule," documents submitted by incarcerated litigants are deemed filed on the date that the litigant delivers the document to prison authorities for mailing. *See Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001).

The Clerk of Court is respectfully directed to mail a copy of this Order to Hector Emilio Fernandez-Rosa, BOP ID # 92339-054, at either USP Terre Haute, P.O. Box 33, Terre Haute, IN 47808, or at any BOP institution to which Fernandez-Rosa should be subsequently transferred.

SO ORDERED.

Dated: January 30, 2023
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation