UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

HECTOR EMILIO FERNANDEZ-ROSA,

Defendant.

No. 12-cr-894-2 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Fernandez-Rosa, incarcerated and proceeding pro se, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on hardships presented by the COVID-19 pandemic and the spread of the monkeypox virus, which he asserts are exacerbated by (1) his mental health condition (Doc. No. 95 at 6), (2) his "Long COVID" and use of a Continuous Positive Airway Pressure machine and inhalers (*id.* at 7–8), (3) his obesity (*id.* at 8, 11–12), (4) his hypertension (*see id.* at 12–13, 16), and (5) his diabetes (*see id.* at 16).

Section 3582(c)(1)(A) prohibits the Court from modifying a term of imprisonment once it has been imposed except "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). No such motion has been presented by the Director of the Bureau of Prisons (the "BOP"), and Fernandez-Rosa does not indicate in his motion that he has exhausted his administrative remedies as required by section 3582(c)(1)(A). Accordingly, IT

IS HEREBY ORDERED THAT Fernandez-Rosa's motion for compassionate release is DENIED without prejudice to renewal after he has exhausted his administrative remedies.[1]

SO ORDERED.

Dated:     April 6, 2023
               New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] Before the Court may consider the merits of any renewed motion for compassionate release, Fernandez-Rosa must comply with the procedural requirements of section 3582(c)(1)(A). As an initial matter, Fernandez-Rosa must make "a request [to] the warden of [his] facility," 18 U.S.C. § 3582(c)(1)(A), for "the BOP to file a [compassionate-release] motion with the Court on [his] behalf," *United States v. Samuels*, No. 08-cr-789-6 (RJS), 2020 WL 7696004, at *3 (S.D.N.Y. Dec. 28, 2020). After that, he must pursue one of three possible routes to obtain review of his motion in this Court. *First*, "[i]f the BOP [were to] grant [his] request, the Court [would] consider the BOP's motion at that time." *Id. Second*, if the warden were to deny his request, Fernandez-Rosa would then need to "fully exhaust[] all administrative rights *to appeal*" such denial, *id.* (quoting 18 U.S.C. § 3582(c)(1)(A)) (emphasis in original), "including appeals to both the appropriate [BOP] Regional Director and the BOP General Counsel," *id.* (citing 28 C.F.R. §§ 542.15, 571.63; *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 537 (S.D.N.Y. 2020)). Only if his appeals to the Regional Director *and* the BOP General Counsel are both denied could he then file a renewed motion for compassionate release and obtain merits review in this Court. *Third*, and finally, if Fernandez-Rosa "wait[s] at least 30 days after submitting [his] request [to the warden of his facility] without receiving a response," he could also then file a renewed motion for compassionate release directly with the Court. *Id.*